UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SESON DEON TELEO ADAMS,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, and STEVEN MNUCHIN,<br><br>　　　　　　　　Defendants. | No. 19-CV-4665 (RA)<br><br>MEMORANDUM<br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiff Seson Deon Teleo Adams, proceeding *pro se*, brought this action in 2019 naming the United States of America, the Internal Revenue Service, and then-Treasury Secretary Steven Mnuchin as defendants. Plaintiff alleged that, because he is a "sovereign citizen," he is not subject to any legal obligations, including the obligation to pay taxes. On May 29, 2019, the Court dismissed Plaintiff's case as "both factually and legally frivolous." *See Adams v. United States*, 2019 WL 2491597, at *1 (S.D.N.Y. May 29, 2019) (quoting *Paul v. New York*, 2013 WL 5973138, at *3 (S.D.N.Y. Nov. 5, 2013)). Over three years later, Plaintiff filed the instant motion to disqualify the Court pursuant to 28 U.S.C. §§ 144 and 455(a).

"Section 144 provides that a judge should recuse [herself] when a party has filed a timely and sufficient affidavit showing that the judge has a personal bias or prejudice against the party or in favor of an adverse party." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 332 (2d Cir. 1987) (internal quotation marks omitted). "Section 455(a) provides that a judge shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." *Id.* at 332-333. "The analysis is the same under both sections," and "the substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality

might reasonably be questioned." *Id.* at 333; *see also Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003).

Plaintiff does not identify any basis for the Court's recusal. He merely asserts that "Plaintiffs have no confidence in the judiciary due to the obvious direction this case is headed in the district court." Pl. Br. 6. But "[t]he fact that the district court dismissed [Plaintiff's] complaint is not evidence of bias." *Nwoye v. Obama*, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023); *see Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."). Moreover, as the Court explained in its prior Order of Dismissal, Plaintiff's claim was frivolous because "the conspiracy and legal revisionist theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system." *Adams*, 2019 WL 2491597, at *1 (quoting *Paul*, 2013 WL 5973138, at *3).

Plaintiff's motion to disqualify the Court is thus denied. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 6.

SO ORDERED.

Dated: May 16, 2023
New York, New York

RONNIE ABRAMS
United States District Judge

2